JUSTICE TRIEWEILER
specially concurring.
Based on the unique facts and the available record in this case, I concur with the result of the majority opinion, although I do not agree with all that is said in that opinion.
I would especially caution Montana practitioners not to draw unwarranted conclusions that this case establishes any rules for pleading or procedure.
*113 The Montana Rules of Civil Procedure require only notice pleading; and there is no requirement that the facts alleged in a pretrial order be any more specific than those alleged in a complaint.
In the typical professional negligence claim, it is sufficient that the plaintiff allege that the defendant was negligent. It is up to the defendant through the use of discovery to define the specific bases for that general allegation. In this case, we have no record before this Court of what, if any, discovery was conducted by either party. In addition, plaintiff chose, although he was not required to do so, to very specifically articulate each factual basis for his claim of negligence in the pretrial order. Without knowing more about the extent of discovery, and based simply on the limited record before this Court, it is reasonable to conclude, based on plaintiff’s affirmative allegations, that defendant was surprised when the issue of informed consent was raised for the first time during trial. Under these limited circumstances, I conclude that the District Court did not abuse its discretion by excluding evidence on the issue of informed consent.
However, by concurring in this opinion, I do not intend to in any way add to the present requirements for pleading and proving claims of professional, or any other type of, negligence. Neither do I intend to lessen the burden on either plaintiffs or defendants to use pretrial discovery to fully explore the factual bases for the other party’s general claims.
JUSTICE HUNT joins in the foregoing concurrence.